# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARION ANDERSON,
Appellant,
vs.
JAMES DZURENDA, DIRECTOR,
NDOC; AND HAROLD WICKHAM,
WARDEN, WSCC,
Respondents.

No. 71323

**FILED**

NOV 0 1 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellant Marion Anderson argues that the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). In rejecting Anderson's claim, the district court did not have the benefit of our recent decision in *Williams v. State*, 133 Nev., Adv. Op. 75, ___ P.3d ___ (2017).[1] There, we held that credits apply to parole eligibility as provided in NRS 209.4465(7)(b) (1997) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility. Anderson is serving a sentence pursuant to such a statute for the weapon enhancement related to a robbery committed on or between July 17, 1997, and June 30, 2007. *See* NRS 193.165 (1995)

---

[1]Having considered Anderson's pro se brief and given our decision in *Williams*, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-37384

(providing sentence for weapon enhancement based on sentence for primary offense); NRS 200.380(2) (providing sentencing range for robbery). Consistent with *Williams*, the credits that Anderson has earned pursuant to NRS 209.4465 should be applied to his parole eligibility for the sentence he is serving. The district court erred in ruling to the contrary.[2] We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter for the district court to reconsider its decision in light of *Williams*.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                     Stiglich

cc:     Hon. James E. Wilson, District Judge
        Marion Anderson
        Attorney General/Carson City
        Carson City Clerk

---

[2]If Anderson has already expired the sentence or appeared before the parole board on the sentence, then the court cannot grant any relief. *Williams*, 133 Nev., Adv. Op. 75 at 10 n.7. Thus, the court cannot grant any relief as to the sentence for robbery because Anderson has discharged that sentence. It is unclear from the record whether Anderson has appeared before the parole board on the enhancement sentence. The district court may consider any evidence in that respect on remand.